IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL PAGE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2923-JDT-cgc |
| | ) | |
| MR. SHOATE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

SECOND ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE

On December 21, 2017, the *pro se* prisoner Plaintiff, Mitchell Paige Clark, filed a complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) At the time, Plaintiff was being held at the Dyer County Jail in Dyersburg, Tennessee. (*Id.* at 2.) Because Plaintiff's *in forma pauperis* application did not include a copy of his inmate trust account statement for the last six months, as required by 28 U.S.C. §§ 1915(a)-(b), the Court issued an order on December 28, 2017, directing Plaintiff to submit, within 30 days, either the entire $400 filing fee or a copy of his trust account statement. (ECF No. 5.)

On January 8, 2018, the Clerk received and docketed Plaintiff's change of address, in which he states that he is now incarcerated at the Wayne County Jail in Waynesboro, Tennessee. (ECF No. 6.) On January 17, 2018, the Court's order, sent to him in Dyersburg, was returned undeliverable. (ECF No. 7.) The Court has also received a letter from Plaintiff

inquiring about his motion to proceed *in forma pauperis.* (ECF No. 8.)[1] Therefore, the Court hereby re-issues the prior order.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within 30 days

---

[1] Plaintiff's letter also requests that he be sent "any information that has been collected in my case" and "all statements made by my attorney Todd Taylor." However, the Court has no such information. All that has been submitted in this case so far is the complaint submitted by Plaintiff himself.

Plaintiff is advised that he should take care to distinguish between this case, #17-2923-JDT-cgc, which he filed pursuant to 42 U.S.C. § 1983, and his habeas petition, case number 17-1242-STA-egb, filed pursuant to 28 U.S.C. § 2254. When submitting documents to the Court, whether letters, motions, or other types of documents, Plaintiff must specifically advise the Clerk whether the documents are to be filed in the § 1983 case or the habeas case and should include the correct case number on all of the documents submitted.

after the date of this order, either the entire $400 civil filing fee[2] or a copy of his trust account statement for the last six months.[3]

If Plaintiff submits the necessary document in a timely manner and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.[4]

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. However, that additional $50 fee will not apply if Plaintiff is ultimately granted leave to proceed *in forma pauperis*.

[3] Plaintiff does not need to submit another *in forma pauperis* affidavit.

[4] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).